businesses the income of which fluctuates greatly from year to year." Income Tax Regulation No. 2, issued 10 February 1944.

Plaintiff cites and relies on *Aspinook Corp. Suc. v. Commission of Corp. & Tax.*, 326 Mass. 327, 94 N.E. 2d 366. That case depended on the right of plaintiff to maintain an action to recover a tax illegally assessed against a corporation which merged with the plaintiff, the assessment antedating the merger. The question there presented is entirely different from the question here under consideration.

When one examines the statutory provisions relating to consolidation and mergers, it is difficult to think that the Legislature intended to make a tax distinction between a merged and a consolidated corporation, allowing the survivor of a merger to claim the right to carry over but denying that right to a corporation resulting from a consolidation. That would be looking at form rather than substance. It would seem that a far more logical and equitable method of determining tax liability would be to apply the yardstick prescribed for subsidiary and affiliated corporations, G.S. 105-143, but that question is not before us. We are not called upon to determine what relief, if any, plaintiff might be entitled to upon a further development of the facts. The judgment is

Reversed.

---

GOOD WILL DISTRIBUTORS (EASTERN), INC. v. EUGENE G. SHAW, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 20 November, 1957)

APPEAL by defendant from *Rudisill, J.*, May Civil Term 1957 of GASTON.

Plaintiff and Catholic Books (Southeast) Inc., domestic corporations, merged on 1 June 1954. Plaintiff is the surviving corporation. Catholic Books (Southeast) Inc. sustained an economic loss of $15,221.23 in its fiscal year ending 31 May 1953 and for the year ending 31 May 1954 a loss amounting to $5,022.85. Plaintiff, the surviving corporation, deducted these two losses from its income for the fiscal year ending 31 May 1955. The deduction was disallowed and a tax assessed on the amount so deducted. The tax was paid under protest and refund was refused. This suit is to recover the amount so paid. The

Court rendered judgment on the pleadings which establish the above facts. Defendant appealed.

*Whitener & Mitchem for plaintiff appellee.*
*Attorney General Patton and Assistant Attorneys General Abbott and Behrends for defendant appellant.*

PER CURIAM. The law as interpreted this day in the companion case of *Good Will Distributors (Northern), Inc. v. Shaw, Commissioner,* is applicable to the facts of this case. For the reasons there given the judgment of the Superior Court is

Reversed.

---

GOOD WILL DISTRIBUTORS (WESTERN), INC. v. EUGENE G. SHAW, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 20 November, 1957)

APPEAL by defendant from *Rudisill, J.,* May Civil Term 1957 of GASTON.

Plaintiff and Good Will Distributors (Southwest) Inc., which had changed its name to Catholic Books (Southwest) Inc., domestic corporations, merged on 1 May 1954. For the fiscal year ending 30 April 1954 Catholic Books, the submerged corporation, sustained an economic loss of $60,834.13. Plaintiff, the surviving corporation, sustained an economic loss for the same period of $4,217.33. Plaintiff, when it filed its tax return for the tax year ending 30 April 1955, asserted a right to deduct the loss of the submerged corporation in the year preceding the merger. This deduction was disallowed. A tax was assessed on the deduction taken. The tax so assessed was paid under protest and this suit brought to recover. The facts stated are established by the pleadings. Judgment was rendered on the pleadings in favor of plaintiff and defendant appealed.

*Whitener & Mitchem for plaintiff appellee.*
*Attorney General Patton and Assistant Attorneys General Abbott and Behrends for defendant appellant.*

PER CURIAM. The law as interpreted this day in the companion case of *Good Will Distributors (Northern), Inc. v. Shaw, Commissioner,* is applicable to the facts of this case. For the reasons there given the judgment of the Superior Court is

Reversed.